**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **ANGEL ECHEVARRIA, an individual,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PERRY CITY, a municipality of the State of Utah; JEREMY GODFREY, in his official and individual capacity; and JOHN DOES 1-5,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:24-cv-00204-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Angel Echevarria ("Mr. Echevarria") was initially represented by counsel in this case, but his counsel later moved to withdraw.[2] Consequently, Mr. Echevarria moved to appoint counsel.[3] The court granted Mr. Echevarria's counsel's motion to withdraw[4] and denied Mr. Echevarria's motion to appoint counsel.[5]

[1] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 11.

[2] ECF No. 30.

[3] ECF No. 29.

[4] ECF No. 33.

[5] ECF No. 32.

Subsequently, Mr. Echevarria again moved to appoint counsel.[6] The court construed the motion as one to reconsider the court's order denying his first motion to appoint counsel.[7] The court denied the motion to reconsider and further concluded that even if it considered the merits of Mr. Echevarria's motion, the motion failed.[8]

Thereafter, Mr. Echevarria moved for an extension of time to respond to Defendants Perry City and Jeremy Godfrey's (collectively, "Defendants") first set of interrogatories[9] and first set of requests for production of documents[10] and, for the third time, to appoint counsel.[11] The court granted Mr. Echevarria's motion for an extension of time and extended the deadline for him to respond to Defendants' first set of interrogatories and first set of requests for production of documents to June 3, 2026.[12] The court again construed Mr. Echevarria's motion to appoint counsel as one to reconsider the court's order denying his first motion to appoint counsel.[13] The court denied that motion to reconsider and again concluded that the motion failed even when the court considered the merits of the motion.[14]

---

[6] ECF No. 39.

[7] ECF No. 43.

[8] *Id.*

[9] ECF No. 44.

[10] ECF No. 45.

[11] ECF No. 48.

[12] ECF No. 52.

[13] *Id.*

[14] *Id.*

Mr. Echevarria now moves: (I) to compel Defendants to disclose material evidence;[15] (II) for an extension of time nunc pro tunc to respond to Defendants' first set of interrogatories;[16] and (III) yet again, to appoint counsel.[17] Those motions are addressed in order below.

## ANALYSIS

### I. Mr. Echevarria's Motion to Compel

Mr. Echevarria's motion to compel seeks an order requiring Defendants to disclose certain information by filing it with the court. The court denies the motion for several reasons. First, Mr. Echevarria does not identify any discovery request that Defendants failed to answer, which is fatal to his motion because Fed. R. Civ. P. 37(a)(3) permits the court to order compelled responses only with respect to disclosures under Fed. R. Civ. P. 26(a) and discovery requests. Second, even if Mr. Echevarria had specified a discovery request that Defendants failed to answer, he fails to include a certification that he met and conferred with Defendants prior to filing his motion as required by Fed. R. Civ. P. 37(a)(1) and DUCivR 37-1(a).[18] Finally, even if Mr. Echevarria had somehow persuaded the court that Defendants were required to disclose any

[15] ECF No. 53.

[16] ECF No. 54.

[17] ECF No. 55.

[18] Fed. R. Civ. P. 37(a)(1) (providing that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); DUCivR 37-1(a)(1)-(2) (providing that "[t]he parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26 through 37 before seeking court assistance," which must include, at a minimum, "a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and (B) requesting to meet and confer, either in person or by telephone, and include suggested dates and times").

information, Defendants would be prohibited from filing that information with the court.[19] For those reasons, the court denies Mr. Echevarria's motion to compel.

## II. Mr. Echevarria's Motion for an Extension of Time Nunc Pro Tunc to Respond to Defendants' First Set of Interrogatories

Mr. Echevarria's motion for an extension of time nunc pro tunc seeks an order stating that his responses to Defendants' first set of interrogatories are timely, even though he provided those responses nearly three months after the June 3, 2026 deadline previously set by the court. Mr. Echevarria contends that his responses were late because the correctional facility where he is currently incarcerated "conducted a matrix property shake down and confiscate[ed] all inmates['] property [in] the month of June 2026," and the correctional facility's housing system "has slowed down all progressions regarding timely court filings."[20] Mr. Echevarria attached two exhibits to his motion: (1) a notice the correctional facility issued on May 22, 2026, which states that inmates were required to fit their property into two bags and a bin;[21] and (2) two inventory forms

[19] Fed. R. Civ. P. 5(d)(1)(A) ("[D]isclosures under [Fed. R. Civ. P.] 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."); DUCivR 26-1(a)(1) ("Unless the court orders otherwise, the following must not be filed: (A) the disclosures required by Fed. R. Civ. P. 26(a)(1); (B) the expert disclosures and reports required by Fed. R. Civ. P. 26(a)(2); (C) the deposition notice required by Fed. R. Civ. P. 30(b); (D) the discovery requests or responses served under Fed. R. Civ. P. 33, 34, or 36; and (E) a certificate of service for discovery requests or responses, including the items listed in section 26-1(a)(1)(A) through (D).").

[20] ECF No. 54 at 1.

[21] ECF No. 54-3 at 1-2.

for his inmate property, neither of which indicates that he had any legal materials in his possession.[22] The court denies Mr. Echevarria's motion for two reasons.

First, Mr. Echevarria cannot obtain the relief he seeks through a nunc pro tunc order because such an order cannot change the fact that he failed to timely respond to Defendants' first set of interrogatories. Indeed, as the United States Supreme Court has explained:

> Federal courts may issue nunc pro tunc orders, or now for then orders, to reflect the reality of what has already occurred. Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court.
>
> Put colorfully, nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating facts that never occurred in fact. Put plainly, the court cannot make the record what it is not.[23]

Thus, to the extent Mr. Echevarria seeks a nunc pro tunc order stating that his responses to Defendants' first set of interrogatories are timely, the court cannot issue that order.

Second, even if the court construes Mr. Echevarria's motion as one to extend the deadline for him to respond to Defendants' first set of interrogatories, that motion fails. Because Mr. Echevarria moved for an extension of time to respond well after the deadline for doing so, his motion is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Accordingly, Mr. Echevarria must show both good cause and excusable neglect for his motion to be granted.

---

[22] *Id.* at 3-4.

[23] *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) (citation modified).

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[24] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[25]

"[G]ood cause requires a greater showing than excusable neglect."[26] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[27] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[28]

To determine whether the lesser standard of excusable neglect is satisfied,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was

[24] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[25] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

[26] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[27] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[28] *Id*. at 701 (citation modified).

> within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[29]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[30] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[31]

As an initial matter, Mr. Echevarria fails to reference or argue the standards for good cause and excusable neglect. Nevertheless, the court considers whether Mr. Echevarria has established excusable neglect. After concluding that he has not satisfied that standard, the court necessarily determines that he cannot meet the higher standard of good cause.

Even if the court were to assume that the first, second, and fourth factors all favor a finding of excusable neglect, the court's consideration of the third factor—the adequacy of the explanation for the delay—compels the conclusion that Mr. Echevarria has not shown excusable neglect. In explaining the delay, Mr. Echevarria relies exclusively upon the correctional facility's confiscation of his property and the conclusory assertion that the correctional facility's housing system delayed his ability to timely respond to Defendants' first set of interrogatories. Those

---

[29] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

[30] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[31] *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (citation modified).

reasons do not sufficiently explain the delay. By Mr. Echevarria's own admission, the correctional facility did not confiscate his property until sometime in June 2026. Even if that occurred prior to the June 3, 2026 deadline for Mr. Echevarria's responses to Defendants' first set of interrogatories, he fails to explain any efforts he undertook to prepare his responses between the date Defendants served their first set of interrogatories and the date his property was confiscated. Further, neither of the two inventory forms for inmate property attached to Mr. Echevarria's motion indicates that the correctional facility confiscated any legal materials or any other materials needed to respond to Defendants' first set of interrogatories. Finally, even if the court assumes that the correctional facility's confiscation of Mr. Echevarria's property interfered with his ability to timely respond to Defendants' first set of interrogatories, Mr. Echevarria provides no explanation for the nearly three-month delay between the June 3, 2026 deadline for his responses and the filing of his motion.

In sum, Mr. Echevarria fails to adequately explain the delay in bringing his motion, which, standing alone, is sufficient to support the conclusion that he has not established excusable neglect. Given that conclusion, it logically follows that Mr. Echevarria cannot satisfy the higher standard of good cause. Therefore, the court denies Mr. Echevarria's motion.

## III. Mr. Echevarria's Motion to Appoint Counsel

Because Mr. Echevarria's motion to appoint counsel is his fourth such motion, the court construes it as a motion to reconsider and denies that motion. "[D]istrict courts generally remain

free to reconsider their earlier interlocutory orders."[32] "[T]he court has broad discretion in how it considers a motion for reconsideration of an interlocutory order."[33]

> "In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether."[34]

Mr. Echevarria provides no basis for the court to reconsider its order denying his original motion to appoint counsel. Mr. Echevarria does not present any argument that was not contained in his three prior motions to appoint counsel, and the new facts he relies upon were available when he filed those motions.[35] In the end, it appears that Mr. Echevarria simply disagrees with the court's decision, which is an insufficient basis for reconsideration.[36] Because Mr. Echevarria fails to show that reconsideration is appropriate, the court denies his motion.

---

[32] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

[33] *Sunwest Bank v. Gannett Co, Inc.*, No. 2:24-CV-00876-DBB-JCB, 2026 WL 1243328, at *2 (D. Utah May 6, 2026).

[34] *Id.* (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015)).

[35] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances . . . supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.").

[36] *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation modified)); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the

Further, even if the court were to consider the merits of Mr. Echevarria's motion, he fails to carry his burden of showing that appointed counsel is necessary.[37] "There is no constitutional right to appointed counsel in a civil case."[38] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[39] "The appointment of counsel in a civil case is left to the sound discretion of the district court."[40] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[41] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[42]

Mr. Echevarria again fails to meet his burden because his motion does not address the merits of his case. For that reason alone, his motion to appoint counsel fails. Additionally, as the court has articulated in its prior orders denying Mr. Echevarria's first three motions to appoint

---

court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

[37] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil case, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[38] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[39] 28 U.S.C. § 1915(e)(1).

[40] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[41] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation modified).

[42] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

counsel,[43] the remaining factors do not justify appointing counsel. The nature of the factual issues raised in this case are not particularly complicated. Further, Mr. Echevarria fails to demonstrate that he cannot present his claims adequately. Finally, the legal issues in this case are not so complex as to require the appointment of counsel. For those additional reasons, the court denies Mr. Echevarria's motion to appoint counsel.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Echevarria's motion to compel Defendants to disclose material evidence[44] is DENIED.
2. Mr. Echevarria's motion for an extension of time nunc pro tunc to respond to Defendants' first set of interrogatories[45] is DENIED.
3. Mr. Echevarria's motion to appoint counsel[46] is DENIED.

IT IS SO ORDERED.

DATED this 25th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[43] ECF No. 32; ECF No. 43; ECF No. 52.

[44] ECF No. 53.

[45] ECF No. 54.

[46] ECF No. 55.